IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LUTHER HINTON, # 30805**                                                              **PLAINTIFF**

v.                                                                    CAUSE NO. 1:16CV111-LG-RHW

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS INMATE LEGAL
ASSISTANCE PROGRAM, SOUTH
MISSISSIPPI CORRECTIONAL
INSTITUTION INMATE LEGAL
ASSISTANCE PROGRAM, and GIA
MCLEOD**                                                                           **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Luther Hinton is incarcerated with the Mississippi Department of Corrections. He initiated this action on March 30, 2016.

On May 11, 2016, the Court ordered Hinton to respond to certain inquiries regarding the Complaint. The responses were due May 25. Having received no response, on June 10, the Court entered the Order to Show Cause [11]. The Court ordered Hinton to show cause, by June 24, why the case should not be dismissed for failure to obey the Court's prior Order. When Hinton still failed to respond, the Court entered the Second Order to Show Cause [12], on July 12, giving Hinton one last chance to comply.

All Orders [10, 11, 12] were mailed to Hinton's address of record, and they were not returned as undeliverable. To date he has not responded or otherwise

contacted the Court. The Court has warned Hinton that failure to comply may result in this case being dismissed. (2d Order to Show Cause at 1-2); (1st Order to Show Cause); (Order Requiring Pl. to Respond at 2); (Order Setting Payment Schedule at 2-3); (Dkt. 4 at 2). It is apparent from his failure to respond or otherwise communicate with the Court that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendants have never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE